Argued January 18, affirmed February 20, 1979

STATE OF OREGON, *Respondent,*
*v.*
STEVEN CRAIG GIBSON, *Appellant.*
(Nos. C 76-01-01011, C77-09-11672, CA 11752, 11753)
(Cases consolidated)
590 P2d 797

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

ROBERTS, J.

[ 593 ]

## ROBERTS, J.

Defendant appeals from his sentence following conviction of sodomy in the first degree and kidnapping in the second degree, contending that the trial court erred in failing to order and consider an update of defendant's presentence report at the time of sentencing.[1] We affirm.

On May 5, 1976 defendant was placed on probation for a period of five years after being convicted for the crime of sodomy in the first degree. On November 1, 1977 defendant was tried for sodomy, rape, kidnapping and sexual abuse and found guilty of one count of kidnapping and one count of sodomy. The trial judge ordered an update of the presentence report prepared in connection with the 1976 convictions. The updated presentence report was submitted on November 23, 1977. Defendant was in custody from November of 1977 until he was sentenced in June of 1978.

On June 23, 1978, a probation revocation hearing for the 1976 crime was combined with sentencing for the later crime. The judge had before him the updated presentence report and an array of psychiatric reports and evaluations. Defendant's probation was revoked and he was sentenced for all three crimes.

Relying upon ORS 144.790, the defendant argues that the trial court erred in failing to order and consider an update of the November 23, 1977 presentence report. ORS 144.790(1) states in pertinent part:

"(1) Whenever any person is convicted of a felony, the Corrections Division shall furnish a presentence report to the sentencing court. If a presentence report has previously been prepared by the Corrections Division with respect to the defendant, the division shall furnish a copy of that report, and a supplement bringing it up to date, to the sentencing court. * * *"

---

[1] Defendant also assigns as error the trial court's failure to grant probation in connection with the 1977 convictions. We are unpersuaded by defendant's argument.

[ 595 ]

This statute requires the furnishing of a pre-sentence report following any conviction for a felony. The statute was complied with when the updated 1976 report was furnished to the court. The statute does not require an update in a presentence report every time there is a delay between preparation of such a report in connection with a particular crime and sentencing for that crime. In a case such as this where defendant was in custody and where there is no contention that new and relevant material was left out of the report because of the delay in sentencing,[2] we see no reason to impose such a requirement.

Affirmed.

---

[2]The reason for the delay is not clear from the record, but it appears that it was due, at least in part, to extensive psychiatric testing of the defendant. Reports from that testing were before the judge at the time of sentencing.